IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DALTON TYLER WEAVER,

    **Plaintiff,**

    v.                                                   CASE NO. 24-3073-JWL

STATE OF KANSAS, et al.,

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Winfield Correctional Facility in Winfield, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On May 17, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff until June 17, 2024, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff has failed to respond by the Court's deadline.

The Court found in the MOSC that to the extent Plaintiff challenges the validity of his sentence in his state criminal case, his federal claim must be presented in habeas corpus; before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question; the State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment; Plaintiff's probation officer's actions appear to be related to activities intimately associated with the judicial phase of the criminal process and are, therefore, protected by immunity; medical malpractice against a prisoner is a state law claim and does not state a claim for relief under Section 1983; even if Plaintiff could claim an

Eighth Amendment violation based on his medical care in 2020, his claim would we barred by the statute of limitations; nothing in the Complaint suggests that Defendant Bomia was acting in a capacity other than as Plaintiff's emergency contact and Plaintiff has failed to allege that Bomia was acting under color of state law; Plaintiff has not shown that his state court defense attorney was acting under color of state law as required under § 1983; Plaintiff does not have a private right of action to enforce criminal laws; Plaintiff has failed to show that his probation officer engaged in "fraud-racketeering" when his probation was revoked; and a RICO claim relating to his conviction is barred by *Heck*.

The Court's MOSC ordered Plaintiff to show good cause why his Complaint should not be dismissed for the reasons stated in the MOSC. The MOSC provides that "[f]ailure to respond by the deadline may result in dismissal of this action without further notice for failure to state a claim." (Doc. 5, at 13.) Plaintiff has failed to respond by the deadline and has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated June 24, 2024, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**